WER.6526

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | **JURY DEMAND** |
| | § | |
| **WERNER ENTERPRISES, INC.** | § | |
| **AND GREGORY GEORGE HITTNER** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

**TO THE UNITED STATES DISTRICT CLERK:**

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and correct

copies of all documents filed in the state court action:

1. Court Docket (10/21/16)
2. Plaintiff's Original Petition, Request for Disclosure and Jury Demand (04/21/16)
3. Civil Case Information Sheet (04/21/16)
4. Citation for Service on Octaviano Moto Fernandez (04/22/16)
5. Citation for Service on Bryan's Express Inc. (04/22/16)
6. Return of Service on Octaviano Moto Fernandez (05/02/16)
7. Plaintiff's First Amended Petition and Request for Disclosure (05/03/16)
8. Citation for Service on Werner Enterprises, Inc. (05/11/16)
9. Defendants' Original Answer to Plaintiff's Original Petition and Demand for Jury Trial (05/17/16)
10. Defendant's Original Answer (06/10/16)
11. Letter from Court Enclosing Pre-Trial Order (Kershaw) (06/22/16)
12. Letter from Court Enclosing Pre-Trial Order (Sanger) (06/22/16)
13. Letter from Court Enclosing Pre-Trial Order (Sharp) (06/22/16)
14. Notice from Court Enclosing Pre-Trial Order (06/22/2016)
15. Original Plea in Intervention of September Lee Fuller (07/22/16)
16. Citation for Service on Gregory George Hittner (07/29/16)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October ___, 2016, the foregoing was filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

Guy I. Wade, III
Craig D. Zips
Derryberry Zips Wade Lawhorn, PLLC
1910 Pacific Avenue, Suite 8055
Dallas, TX  75201
(214) 468-8141
(214) 468-8144 – Fax
gwade@dzwlaw.com
czips@dzlawgroup.com

_____
**DANIEL M. KARP**

## Case Information

DC-16-04618 | MARK STUBBS vs. NEBRASKA WERNER ENTERPRISES INC, et al

Case Number                     Court                          File Date
DC-16-04618                     191st District Court           04/21/2016
Case Type                       Case Status
MOTOR VEHICLE ACCIDENT          OPEN

## Party

PLAINTIFF                       Active Attorneys ▾
STUBBS, MARK                    Lead Attorney
                                SANGER, LADD
Address                         Retained
2020 N 10TH ST
PADUCAH KY 42001                Work Phone
                                214-528-8686

                                Fax Phone
                                214-528-6989

DEFENDANT                                       Active Attorneys ▾
NEBRASKA WERNER ENTERPRISES INC                 Attorney
                                                SHARP, MICHAEL PAUL
  Aliases                                       Retained
  *DBA* WERNER ENTERPRISES INC
Address                                         Work Phone
BY SERVING ITS REGISTERED AGENT JOHN VIDAURRI   972-934-9100
8601 PETERBILT AVENUE
DALLAS TX 75241                                 Fax Phone

972-934-9200

**Attorney**
SHARP, MICHAEL PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

**Lead Attorney**
KARP, DANIEL M
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

DEFENDANT
HITTNER, GREGORY GEORGE

**Address**
7721 HENRY MANSFIELD
HENRY TN 38321

Active Attorneys ▼
**Attorney**
SHARP, MICHAEL PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

**Attorney**
KARP, DANIEL M
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

**Lead Attorney**
KARP, DANIEL M
Retained

Work Phone
**972-934-9100**

Fax Phone
**972-934-9200**

## Events and Hearings

04/21/2016 NEW CASE FILED (OCA) - CIVIL

04/21/2016 ORIGINAL PETITION ▼

Plaintiff's Original Petition, Request for Disclosure and Ju

Comment
**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND**

04/21/2016 CASE FILING COVER SHEET ▼

CIVIL CASE INFORMATION SHEET.pdf

Comment
**CIVIL COVER SHEET**

04/21/2016 ISSUE CITATION

04/21/2016 JURY DEMAND

04/22/2016 CITATION ISSUED ▼

DC16-4618.pdf

DC16-4618 (2).pdf

04/22/2016 CITATION ▼

Anticipated Server
**ESERVE**

Anticipated Method

Actual Server
**PRIVATE PROCESS SERVER**

Returned
**05/02/2016**
Anticipated Server
**ESERVE**

Anticipated Method
Comment
**ESERVE/CM**

04/26/2016 ISSUE CITATION

05/03/2016 AMENDED PETITION ▼

Plaintiff's First Amended Petition and Request for Disclosur

Comment
**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

05/11/2016 CITATION ▼

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**05/20/2016**
Comment
**FIRST AMENDED**

05/12/2016 CITATION ISSUED ▼

DC164618 FIRST AMENDED CIT.pdf

05/17/2016 ORIGINAL ANSWER - GENERAL DENIAL ▼

Defendants' Original Answer to Plaintiff's Original Petition

Comment
**Defendants' Original Answer and Demand for Jury Trial**

05/17/2016 JURY DEMAND

06/10/2016 ORIGINAL ANSWER - GENERAL DENIAL ▼

DOA.pdf

Comment

Defendant's Original Answer

06/10/2016 JURY DEMAND

06/22/2016 ORDER - PRETRIAL ▼

ORDER - PRETRIAL

07/22/2016 INTERVENTION ▼

Fuller's petition in intervention.pdf

    Comment
    **Original Plea in Intervention of September Lee Fuller**

07/22/2016 ISSUE CITATION COMM OF INS OR SOS ▼

ISSUE CITATION COMM OF INS OR SOS

07/29/2016 CITATION SOS/COI/COH/HAG ▼

Anticipated Server
**CERTIFIED MAIL**

Anticipated Method
Actual Server
**CERTIFIED MAIL**

Returned
**08/09/2016**
Comment
**COH CERT MAIL-AB 9214 8901 0661 5400 0090 0952 96**

08/01/2016 ORIGINAL ANSWER - GENERAL DENIAL ▼

8.1.16 Hittner and Werner's Original Answer.pdf

    Comment
    **DEFENDANTS**

08/17/2016 MOTION - LEAVE ▼

Motion for Leave to Designate RTP.pdf

Order on Motion for Leave to Designate RTP.pdf

    Comment
    **Defendants Gregory George Hittner and Werner Enterprises, Inc.'s Motion for Leave to Designate Responsible Third Party**

08/17/2016 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

NON-SIGNED PROPOSED ORDER/JUDGMENT

> Comment
> **ORDER DSGN RESP 3RD PTY MOVED ADMIN Q**

09/29/2016 MOTION - NONSUIT ▼

Motion for Non-Suit.pdf

> Comment
> **PLAINTIFF MARK STUBBS' MOTION FOR NON-SUIT WITH PREJUDICE**

09/29/2016 NON-SIGNED PROPOSED ORDER/JUDGMENT ▼

Proposed Order on Motion for Non-Suit (Stubbs).pdf

> Comment
> **PROPOSED ORDER ON PLAINTIFF MARK STUBBS' MOTION FOR NON-SUIT WITH
> PREJUDICE MOVED ADMIN Q**

09/29/2016 ORDER - PARTIAL NONSUIT ▼

ORDER - PARTIAL NONSUIT

> Comment
> **MARK TUBB'S AGAINST ALL DF**

10/12/2016 ORDER - LEAVE ▼

ORDER - LEAVE

12/11/2017 Jury Trial - Civil ▼

191 Civil Case Cover Sheet

191 Civil Case Cover Sheet

191 Civil Case Cover Sheet

Judicial Officer
**SLAUGHTER, GENA**

Hearing Time
**9:30 AM**

## Financial

STUBBS, MARK

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $351.00 |
| | Total Payments and Credits | | | $351.00 |
| 4/21/2016 | Transaction Assessment | | | $343.00 |
| 4/21/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 25032-2016-DCLK | STUBBS, MARK | ($343.00) |
| 5/6/2016 | Transaction Assessment | | | $8.00 |
| 5/6/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 28638-2016-DCLK | STUBBS, MARK | ($8.00) |

NEBRASKA WERNER ENTERPRISES INC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |
| 6/14/2016 | Transaction Assessment | | | $40.00 |
| 6/14/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 37255-2016-DCLK | NEBRASKA WERNER ENTERPRISES INC | ($40.00) |

## Documents

Plaintiff's Original Petition, Request for Disclosure and Ju

CIVIL CASE INFORMATION SHEET.pdf

DC16-4618.pdf

DC16-4618 (2).pdf

FERNANDEZ, OCTAVIANO MOTO - CITATION

Plaintiff's First Amended Petition and Request for Disclosur

DC164618 FIRST AMENDED CIT.pdf

Defendants' Original Answer to Plaintiff's Original Petition

NEBRASKA WERNER ENTERPRISES INC - CITATION

DOA.pdf

191 Civil Case Cover Sheet

191 Civil Case Cover Sheet

191 Civil Case Cover Sheet

ORDER - PRETRIAL

Fuller's petition in intervention.pdf

ISSUE CITATION COMM OF INS OR SOS

8.1.16 Hittner and Werner's Original Answer.pdf

HITTNER, GREGORY GEORGE - CITATION SOS/COI/COH/HAG

Motion for Leave to Designate RTP.pdf

Order on Motion for Leave to Designate RTP.pdf

NON-SIGNED PROPOSED ORDER/JUDGMENT

Motion for Non-Suit.pdf

Proposed Order on Motion for Non-Suit (Stubbs).pdf

ORDER - PARTIAL NONSUIT

ORDER - LEAVE

FILED
DALLAS COUNTY
4/21/2016 10:18:07 AM
FELICIA PITRE
DISTRICT CLERK

Jh'Mella Norman

2 CIT ES

CAUSE NO. DC-16-04618 _____

| | | |
|---|---|---|
| MARK R. STUBBS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| OCTAVIANO MOTA FERNANDEZ, and | § | |
| BRYAN'S EXPRESS, INC. | § | |
| | § | |
| Defendants. | § | _____ JUDUCIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND

Plaintiff, MARK R. STUBBS, files this original petition, request for disclosure and jury demand, against OCTAVIANO MOTA FERNANDEZ and BRYAN'S EXPRESS, INC., Defendants herein, and for cause of action would respectfully show unto the Court the following:

### I.

#### DISCOVERY CONTROL PLAN

1.    Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to proceed with discovery under Level 3 as set forth in Rule 190.4.

### II.

#### CLAIM FOR RELIEF

2.    Pursuant to TEX. R. CIV. P. 47(b), Plaintiff seeks monetary relief over $1,000,000.00.

### III.

#### PARTIES

3.    Plaintiff MARK R. STUBBS, is a resident of Paducah, Kentucky, and brings this suit in his individual capacity.

4.      Defendant OCTAVIANO MOTA FERNANDEZ ("Fernandez") is a resident of Dallas County, Texas, and may be served with process at 1143 N Morocco, Dallas, Texas 75211.

5.      Defendant BRYAN'S EXPRESS, INC., ("Bryan's Express") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 20951 Mines Road, Laredo, Texas 78045 and may be served with process by serving its registered agent for service of process Raul Martinez, Jr., 8617 Alta Mira Drive, Laredo, Texas 78045.  By virtue of maintaining its principal place of business in Texas, Bryan's Express is a Texas citizen.

## IV.

## VENUE

6.      Venue is proper in Dallas County, Texas pursuant to §15.002(a)(2), of the TEX. CIV. PRAC. & REM. CODE, as one or more defendants is a resident of Texas in Dallas County.

## V.

## ASSUMED AND COMMON NAMES

7.      Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendants notice that they are being sued in all of their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and private corporations.  In addition to the assumed, common or business names stated elsewhere in this petition, Defendants are known to have used or done business under the following assumed names which include:  Bryan's and Bryan's Express.

## VI.

## FACTUAL BACKGROUND

8.      On February 28, 2015, at approximately 5:43 a.m., Plaintiff, Mark R. Stubbs, was operating a 2015 Freightliner tractor (VIN #3AKJGLD56FSGK1919) and trailer (VIN

#1UYVS25336M671910) in a lawful and prudent manner eastbound on Interstate 30 near Sulphur Springs, Hopkins County, Texas.  Suddenly, and without warning, a 2015 Freightliner tractor (VIN #3AKJGLD52FSGB8205) and trailer (VIN #12JJV532W76L969495) jackknifed in the road ahead of Plaintiff.  In an attempt to avoid the jackknifed tractor and trailer, Plaintiff left the roadway and came to rest.  Suddenly, and without warning a 2000 Peterbilt tractor (VIN #1X95D69X7YN483299) and trailer (VIN #1L01A532841154324) operated by Defendant Fernandez and owned by Defendant Bryan's Express impacted Plaintiff's tractor and trailer, causing injuries to Plaintiff.

## VII.

### NEGLIGENCE OF DEFENDANT FERNANDEZ

9.      Defendant Fernandez had a duty to exercise ordinary care and operate defendant's vehicle reasonably and prudently.

10.     Defendant Fernandez breached the duty of care by failing to take appropriate evasive actions to avoid the collision.

11.     Defendant Fernandez's negligent acts, separately or in combination, were a proximate cause of Plaintiff's damages.

## VIII.

### VICARIOUS LIABILITY OF DEFENDANT BRYAN'S EXPRESS, INC.

12.     At the time of the occurrence in question, Defendant Fernandez was an employee, servant, or agent of Defendant Bryan's Express, acting with its permission and authority, and in the course and scope of such employment, servitude, and agency.  As such, Defendant Bryan's Express is vicariously liable to the Plaintiff for his damages proximately cause by the negligence of Defendant Fernandez.

## IX.

### DAMAGES

13.     The damages sought herein are within the jurisdictional limits of the Court.

14.     As a result of the acts and/or omissions of the Defendants, Plaintiff has suffered the following damages:  pain and suffering in the past and future; mental anguish in the past and future; lost earnings in the past and future; and medical expenses in the past and future.

## X.

### PREJUDGMENT INTEREST

15.     Plaintiff claims interest at the maximum legal rate on damages suffered as a result of the Defendants' actions.

## XI.

### CONDITIONS PRECEDENT

16.     All conditions precedent and have been performed or have occurred.

## XII.

### REQUEST FOR DISCLOSURE

17.     Pursuant to Texas Rules of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this Petition, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (l).

18.     Defendants are requested to produce materials identified in paragraph 18 at Plaintiff's counsel's office.

## XIII.

### JURY DEMAND

19.     Plaintiff respectfully requests a jury be empaneled to decide the factual issues of the case and tenders the appropriate fee with this petition.

## XIV.

### PRAYER

20.     Plaintiff respectfully prays that she have and recover all judgment of and from the Defendants, for damages, with all costs of court, prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, and all other relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**SLACK & DAVIS, L.L.P.**
Ladd C. Sanger
Texas State Bar No. 00797378
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas  75219
Telephone:  (214) 528-8686
Telecopier:  (214) 528-6989
lsanger@slackdavis.com


/s/ Ladd C. Sanger
LADD C. SANGER
*Attorney for Plaintiff*

FILED
DALLAS COUNTY
4/21/2016 10:18:07 AM
FELICIA PITRE
DISTRICT CLERK

# CIVIL CASE INFORMATION SHEET

DC-16-04618

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |

STYLED _____ Jh'Mella Norman

MARK R. STUBBS v. OCTAVIANO MOTO FERNANDEZ AND BRYAN'S EXPRESS, INC.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Ladd C. Sanger  Email: lsanger@slackdavis.com | Plaintiff(s)/Petitioner(s): Mark R. Stubbs | ☑Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: _____ |
| Address: Slack & Davis, LLP  2911 Turtle Creek Blvd., Ste 1400  Telephone: 214-528-8686 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, Texas 75219  Fax: 214-528-6989 | Defendant(s)/Respondent(s): Octaviano Moto Fernandez  Bryan's Express, Inc. | Custodial Parent: _____  Non-Custodial Parent: _____ |
| Signature: *Ladd Sanger*  State Bar No: 00797378 | [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation
*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:
- ☑Motor Vehicle Accident
- ☐Premises
*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product: _____
- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other: _____

### Family Law

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void
*Divorce*
- ☐With Children
- ☐No Children

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other: _____

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other: _____

### Probate & Mental Health

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings
- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100,000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☑Over $1,000,000

Rev 2/13

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**OCTAVIANO MOTO FERNANDEZ**
**1143 N MOROCCO**
**DALLAS TX 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK STUBBS**

Filed in said Court **21st day of April, 2016** against

**OCTAVIANO MOTO FERNANDEZ AND BRYAN'S EXPRESS INC**

For Suit, said suit being numbered **DC-16-04618,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of April, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Carmen Moorer
By_____, Deputy
        CARMEN MOORER



| | |
|---|---|
| **ESERVE** | |
| **CITATION** | |
| **DC-16-04618** | |
| **MARK R STUBBS** | |
| **vs.** | |
| **OCTAVIANO MOTA FERNANDEZ, et al** | |

ISSUED THIS
**22nd day of April, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

**Attorney for Plaintiff**
LADD SANGER
LSANGER@SLACKDAVIS.COM
2911 TURTLE CREEK BLVD
STE 1400
DALLAS TX 75219
214-528-8686

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-04618

Court No.191st District Court

Style: MARK R STUBBS

vs.

OCTAVIANO MOTA FERNANDEZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County,_____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**BRYAN'S EXPRESS INC**
**SERVING ITS REG AGENT PAUL MARTINEZ JR**
**8617 ALTA MIRA DR**
**LAREDO TX 78045**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK STUBBS**

Filed in said Court  **21st day of April, 2016** against

**OCTAVIANO MOTO FERNANDEZ AND BRYAN'S EXPRESS INC**

For Suit, said suit being numbered **DC-16-04618,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of April, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Carmen Moorer_____, Deputy
      CARMEN MOORER

---

**ESERVE**

**CITATION**

**DC-16-04618**

**MARK R STUBBS**
**vs.**
**OCTAVIANO MOTA FERNANDEZ, et al**

ISSUED THIS
**22nd day of April, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

_____

**Attorney for Plaintiff**
**LADD SANGER**
**LSANGER@SLACKDAVIS.COM**
**2911 TURTLE CREEK BLVD**
**STE 1400**
**DALLAS TX 75219**
**214-528-8686**

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-04618

Court No.191st District Court

Style: MARK R STUBBS

vs.

OCTAVIANO MOTA FERNANDEZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

## RETURN OF SERVICE

**FILED**

**State of Texas**                    **County of Dallas**              **191st Judicial District Court**

2016 MAY -2 AM II: 31

Case Number: DC-16-04618

Plaintiff:
**Mark R. Stubbs**

vs.

Defendants:
**Octaviano Mota Fernandez,
and Bryan's Express, Inc.**

For:
Slack & Davis, L.L.P.
2911 Turtle Creek Boulevard
Suite 1400
Dallas, TX 75219

I received the Citation with Plaintiff's Original Petition, Request for Disclosure and Jury Demand on the 27th day of April, 2016 at 12:00 pm to be delivered to **Octaviano Mota Fernandez at:**

**1143 North Morocco Avenue, Dallas, Dallas County, TX 75211.**

I, Pam Dawson-Haynes, do hereby affirm that on the **27th day of April, 2016 at 4:49 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true copy of the **Citation with Plaintiff's Original Petition, Request for Disclosure and Jury Demand** with the date of delivery endorsed thereon by me, to: **Octaviano Mota Fernandez** at the address of: **1143 North Morocco Avenue, Dallas, Dallas County, TX 75211**, and informed said person of the contents therein, in compliance with state statutes.

"My name is Pam Dawson-Haynes. My date of birth is 03/03/1965. My address is 2257 Deer Path Drive, Dallas, Texas 75216 USA. I declare under the penalty of perjury that the foregoing is true and correct. Executed in Dallas County, State of Texas, on the 28th day of April, 2016."

**Pam Dawson-Haynes**
SCH9422, EXP. 12/31/17

Our Job Serial Number: PEL-2016000897

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

**ORIGINAL**

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**
> **OCTAVIANO MOTO FERNANDEZ**
> **1143 N MOROCCO**
> **DALLAS TX 75211**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK STUBBS**

Filed in said Court  **21st day of April, 2016** against

**OCTAVIANO MOTO FERNANDEZ AND BRYAN'S EXPRESS INC**

For Suit, said suit being numbered <u>DC-16-04618,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of April, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas
/s/ Carmen Moorer
By_____, Deputy
                CARMEN MOORER

---

| |
|---|
| **ESERVE** |
| **CITATION** |
| **DC-16-04618** |
| **MARK R STUBBS**<br>vs.<br>**OCTAVIANO MOTA FERNANDEZ, et al** |
| ISSUED THIS<br>**22nd day of April, 2016** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By:  CARMEN MOORER, Deputy |

**Attorney for Plaintiff**
LADD SANGER
LSANGER@SLACKDAVIS.COM
2911 TURTLE CREEK BLVD
STE 1400
DALLAS  TX 75219
214-528-8686

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

## OFFICER'S RETURN

Case No. : DC-16-04618

Court No.191st District Court

Style: MARK R STUBBS

   vs.

OCTAVIANO MOTA FERNANDEZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County,_____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# RETURN
# ATTACHED

FILED
DALLAS COUNTY
5/3/2016 1:09:55 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| MARK R. STUBBS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| OCTAVIANO MOTA FERNANDEZ; | § | |
| BRYAN'S EXPRESS, INC.; and | § | |
| NEBRASKA WERNER ENTERPRISES, | § | |
| INC. d/b/a WERNER ENTERPRISES, INC. | § | |
| | § | |
| Defendants. | § | 191ST JUDUCIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, MARK R. STUBBS, files this amended petition and request for disclosure, against OCTAVIANO MOTA FERNANDEZ, BRYAN'S EXPRESS, INC., and NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC. Defendants herein, and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to proceed with discovery under Level 3 as set forth in Rule 190.4.

### II.
### CLAIM FOR RELIEF

2.     Pursuant to TEX. R. CIV. P. 47(b), Plaintiff seeks monetary relief over $1,000,000.00.

### III.
### PARTIES

3.     Plaintiff MARK R. STUBBS, is a resident of Paducah, Kentucky, and brings this suit in his individual capacity.

4.      Defendant OCTAVIANO MOTA FERNANDEZ ("Fernandez") is a resident of Dallas County, Texas.  Defendant Fernandez has been served with process but has not appeared.

5.      Defendant BRYAN'S EXPRESS, INC., ("Bryan's Express") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 20951 Mines Road, Laredo, Texas 78045.  By virtue of maintaining its principal place of business in Texas, Bryan's Express is a Texas citizen.  Defendant Bryan's Express has been served with process by has not appeared.

6.      Defendant NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC. ("Werner Enterprises") is a foreign corporation organized and existing under the laws of the State of Nebraska with its principal place of business located at 14507 Frontier Road, Omaha, Nebraska 68145, is authorized to do business in Texas and may be served with process by serving its registered agent John Vidaurri at 8601 Peterbilt Avenue, Dallas, Texas 75241.  At all times relevant to this lawsuit, Defendant Werner Enterprises, conducted business into and within the state of Texas, this lawsuit arose from Defendant Werner Enterprises's business in Texas, and Defendant Werner Enterprises is subject to the *in personam* jurisdiction of this Court.

## IV.
### VENUE

7.      Venue is proper in Dallas County, Texas pursuant to §15.002(a)(2), of the TEX. CIV. PRAC. & REM. CODE, as one or more defendants is a resident of Texas in Dallas County.

## V.
### ASSUMED AND COMMON NAMES

8.      Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendants notice that they are being sued in all of their business or common names regardless

of whether such businesses are partnerships, unincorporated associations, individuals, entities, and private corporations. In addition to the assumed, common or business names stated elsewhere in this petition, Defendants are known to have used or done business under the following assumed names which include: Bryan's, Bryan's Express, Werner, Werner Enterprises, and Nebraska Werner.

## VI.
### FACTUAL BACKGROUND

9.      On February 28, 2015, at approximately 5:43 a.m., Plaintiff, Mark R. Stubbs, was operating a 2015 Freightliner tractor and trailer in a lawful and prudent manner eastbound on Interstate 30 near Sulphur Springs, Hopkins County, Texas. Suddenly, and without warning, a 2015 Freightliner tractor (VIN #3AKJGLD52FSGB8205) and trailer (VIN #12JJV532W76L969495) owned and operated by Defendant Werner Enterprises jackknifed in the road ahead of Plaintiff. Plaintiff attempted to avoid the jackknifed tractor and trailer, however he could not avoid the trailer blocking the roadway and hit it while attempting the evasive maneuver. Plaintiff's vehicle departed the roadway. Suddenly, and without warning a 2000 Peterbilt tractor and trailer operated by Defendant Fernandez and owned by Defendant Bryan's Express also attempted evasive action to avoid the Werner tractor trailer but impacted Plaintiff's vehicle. Plaintiff was injured in the collision with the other trucks.

## VII.
### NEGLIGENCE OF DEFENDANT FERNANDEZ

10.     Defendant Fernandez had a duty to exercise ordinary care and operate defendant's vehicle reasonably and prudently.

11.     Defendant Fernandez breached the duty of care by failing to take appropriate evasive actions to avoid the collision.

---

12.     Defendant Fernandez's negligent acts, separately or in combination, were a proximate cause of Plaintiff's damages.

## VIII.
### VICARIOUS LIABILITY OF DEFENDANT BRYAN'S EXPRESS, INC.

13.     At the time of the occurrence in question, Defendant Fernandez was an employee, servant, or agent of Defendant Bryan's Express, acting with its permission and authority, and in the course and scope of such employment, servitude, and agency.  As such, Defendant Bryan's Express is vicariously liable to the Plaintiff for his damages proximately caused by the negligence of Defendant Fernandez.

## VIX.
### VICARIOUS LIABILITY OF DEEFNDANT NEBRASKA WERNER ENTERPRISES, INC.
### D/B/A WERNER ENTERPRISES, INC.

14.     At the time of the occurrence in question, Gregory Hittner was an employee, servant, or agent of Defendant Werner Enterprises acting with its permission and authority, and in the course and scope of such employment, servitude, and agency.  As such, Defendant Werner Enterprise is vicariously liable to the Plaintiff for his damages proximately caused by the negligence of Gregory Hittner, which includes but is not limited to:

(a)     Driving too fast for conditions;

(b)     Failing to inspect the truck and trailer's parking brake to ensure it was in a condition for safe operations;

(c)     Negligently operating the vehicle to cause it to jackknife;

(d)     Speeding; and

(e)     Negligently operating the vehicle by engaging the trailer parking brake while the truck and trailer were moving.

## X.
### DAMAGES

15.     The damages sought herein are within the jurisdictional limits of the Court.

16.     As a result of the acts and/or omissions of the Defendants, Plaintiff has suffered the following damages:  pain and suffering in the past and future; mental anguish in the past and future; lost earnings in the past and future; and medical expenses in the past and future.

## XI.
### PREJUDGMENT INTEREST

17.     Plaintiff claims interest at the maximum legal rate on damages suffered as a result of the Defendants' actions.

## XII.
### CONDITIONS PRECEDENT

18.     All conditions precedent and have been performed or have occurred.

## XIII.
### REQUEST FOR DISCLOSURE

19.     Pursuant to Texas Rules of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this Petition, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (l).

20.     Defendants are requested to produce materials identified in paragraph 18 at Plaintiff's counsel's office.

## XIV.
### PRAYER

21.     Plaintiff respectfully prays that she have and recover all judgment of and from the Defendants, for damages, with all costs of court, prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, and all other relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**SLACK & DAVIS, L.L.P.**
Ladd C. Sanger
Texas State Bar No. 00797378
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas  75219
Telephone:  (214) 528-8686
Telecopier:  (214) 528-6989
lsanger@slackdavis.com


/s/ Ladd C. Sanger
LADD C. SANGER
*Attorney for Plaintiff*

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**
**NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC**
**BY SERVING ITS REGISTERED AGENT JOHN VIDAURRI**
**8601 PETERBILT AVENUE**
**DALLAS TX  75241**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and **FIRST AMENDED**  petition, a default
judgment may be taken against you.  Your answer should be addressed to the
clerk of the **191st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MARK STUBBS**

Filed in said Court  **3rd day of May, 2016** against

**OCTAVIANO MOTA FERNANDEZ; BRYAN'S EXPRESS, INC.; and NEBRASKA WERNER**
**ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC**
For Suit, said suit being numbered **DC-16-04618,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR**
**DISCLOSURE**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 11th day of May, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Sacheen Anthony
By_____, Deputy
    SACHEEN ANTHONY



---

**ESERVE**

# CITATION

## DC-16-04618

**MARK STUBBS**
**vs.**
**OCTAVIANO FERNANDEZ, et al**

ISSUED THIS
**11th day of May, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SACHEEN ANTHONY, Deputy

---

**Attorney for Plaintiff**
LADD SANGER
lsanger@slackdavis.com
2911 TURTLE CREEK BLVD
SUITE 1400
DALLAS         TX  75219
214-528-8686

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-04618

Court No.191st District Court

Style: MARK STUBBS

vs.

OCTAVIANO FERNANDEZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
5/17/2016 12:23:37 PM
FELICIA PITRE
DISTRICT CLERK
David Hernandez

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **OCTAVIANO MOTA** | § | |
| **FERNANDEZ AND BRYAN'S** | § | |
| **EXPRESS, INC.** | § | |
| | § | |
| **DEFENDANTS.** | § | **191ST JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COME NOW**, Octaviano Mota Fernandez and Bryan's Express, Inc., Defendants in the above-styled and numbered cause, and file this Original Answer to Plaintiff's Original Petition and Demand for Jury Trial, and would respectfully show the Court the following:

### I.

### <u>GENERAL DENIAL</u>

   Defendants generally deny each and every, all and singular, the material allegations contained in the Plaintiff's Original Petition and, being allegations of fact, demand that the Plaintiff be required to prove such allegations by a preponderance of the evidence if the Plaintiff can so do.

**DEFENDANTS' ORIGINAL ANSWER**                                                    **Page 1**

## II.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a trial by jury and submit the appropriate jury fee.

## III.

Defendants request Level III Discovery Plan.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that Plaintiff takes nothing by this suit; and that Defendants go hence without delay and recover all costs expended in Defendants' behalf.  Praying further, Defendants pray for such other and further relief, either at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.**

By:   */s/ Jeffery M. Kershaw*
        **JEFFERY M. KERSHAW**
        State Bar No. 11355020
        **CHRISTOPHER B. WOOD**
        State Bar No. 24056670

        eservicejkershaw@crka.law

2777 Stemmons Freeway, Suite 1157
Dallas, Texas  75207
(214) 905-2003
(214) 905-1213 *(Facsimile)*

**ATTORNEYS FOR DEFENDANTS OCTAVIANO MOTA FERNANDEZ AND BRYAN'S EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded by electronic filing and facsimile to Plaintiff's counsel of record, Mr. Ladd C. Sanger, *Slack & Davis, L.L.P.*, 2911 Turtle Creek Blvd., Suite 1400, Dallas, Texas 75219, on this 17th day of May, 2016.

        */s/ Jeffery M. Kershaw*
        **JEFFERY M. KERSHAW**

DEFENDANTS' ORIGINAL ANSWER                    Page 3

FILED
DALLAS COUNTY
6/10/2016 10:38:11 AM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | |
| | § | **191ST JUDICIAL DISTRICT** |
| **OCTAVIANO MOTA FERNANDEZ;** | § | |
| **BRYAN'S EXPRESS, INC. and** | § | |
| **NEBRASKA WERNER ENTERPRISES,** | § | **DALLAS COUNTY, TEXAS** |
| **INC. d/b/a WERNER ENTERPRISES,** | | |
| **INC.** | | |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC.**, Defendant named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of this Defendant.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC.** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and

further relief, both general and special, at law and in equity, to which Defendant may show itself

justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANT
NEBRASKA WERNER ENTERPRISES, INC.
d/b/a WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 10th day of June, 2016 as follows:

*Via E-Service & Facsimile 214-528-6989*
Ladd C. Sanger
Slack & Davis, LLP
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas  75219

**DANIEL M. KARP**



In The District Court
of Dallas County, Texas
191st Judicial District Court

6/22/2016

JEFFERY MARK KERSHAW
2777 STEMMONS PLACE
SUITE 1157
DALLAS          TX  75207


IN RE:  DC-16-04618
MARK STUBBS
vs.
OCTAVIANO FERNANDEZ, et al


**PLEASE SEE ATTACHMENT(S): PRE-TRIAL ORDER**


MICHAEL PAUL SHARP
FEESMITHSHARP & VITULLO
13155 NOEL RD #1000
DALLAS          TX 75240; JEFFERY
MARK KERSHAW
2777 STEMMONS PLACE
SUITE 1157
DALLAS          TX 75207; LADD
SANGER
2911 TURTLE CREEK BLVD
SUITE 1400
DALLAS          TX 75219

## *SETTLEMENTS MUST BE REPORTED TO THE COURT IN WRITING*

*PLEASE CONTACT THE COURT CLERK AT 214-653-7117 TO SET OR CANCEL A HEARING ON THE COURT'S MOTION DOCKET*
*PLEASE SUBMIT COURTESY COPIES OF MOTIONS AND RESPONSES TO THE COURT*
*1 WEEK PRIOR TO YOUR SCHEDULED HEARING*

Review your case information at:  http://courts.dallascounty.org/

Review court documents on-line at:  http://www.dallascounty.org/public_access.html


George Allen Sr. Courts Building,600 Commerce Street,Room  740, Dallas, Texas 75202.  (214) 653-7117)
(Located in the New Tower, 7th Floor).



In The District Court
of Dallas County, Texas
191st Judicial District Court

6/22/2016

LADD SANGER
2911 TURTLE CREEK BLVD
SUITE 1400
DALLAS          TX  75219

IN RE:  DC-16-04618
MARK STUBBS
  vs.
OCTAVIANO FERNANDEZ, et al

**PLEASE SEE ATTACHMENT(S): PRE-TRIAL ORDER**

MICHAEL PAUL SHARP
FEESMITHSHARP & VITULLO
13155 NOEL RD #1000
DALLAS          TX 75240; JEFFERY
MARK KERSHAW
2777 STEMMONS PLACE
SUITE 1157
DALLAS          TX 75207; LADD
SANGER
2911 TURTLE CREEK BLVD
SUITE 1400
DALLAS          TX 75219

## _SETTLEMENTS MUST BE REPORTED TO THE COURT IN WRITING_

_PLEASE CONTACT THE COURT CLERK AT 214-653-7117 TO SET OR CANCEL A HEARING ON THE COURT'S MOTION DOCKET_
_PLEASE SUBMIT COURTESY COPIES OF MOTIONS AND RESPONSES TO THE COURT_
_1 WEEK PRIOR TO YOUR SCHEDULED HEARING_

Review your case information at:  http://courts.dallascounty.org/

Review court documents on-line at:  http://www.dallascounty.org/public_access.html

George Allen Sr. Courts Building,600 Commerce Street,Room  740, Dallas, Texas 75202.  (214) 653-7117)
(Located in the New Tower, 7th Floor).



In The District Court
of Dallas County, Texas
191st Judicial District Court

6/22/2016

MICHAEL PAUL SHARP
FEESMITHSHARP & VITULLO
13155 NOEL RD #1000
DALLAS          TX  75240

IN RE:  DC-16-04618
MARK STUBBS
vs.
OCTAVIANO FERNANDEZ, et al

**PLEASE SEE ATTACHMENT(S): PRE-TRIAL ORDER**

MICHAEL PAUL SHARP
FEESMITHSHARP & VITULLO
13155 NOEL RD #1000
DALLAS          TX 75240; JEFFERY
MARK KERSHAW
2777 STEMMONS PLACE
SUITE 1157
DALLAS          TX 75207; LADD
SANGER
2911 TURTLE CREEK BLVD
SUITE 1400
DALLAS          TX 75219

## _SETTLEMENTS MUST BE REPORTED TO THE COURT IN WRITING_

_PLEASE CONTACT THE COURT CLERK AT 214-653-7117 TO SET OR CANCEL A HEARING ON THE COURT'S MOTION DOCKET
PLEASE SUBMIT COURTESY COPIES OF MOTIONS AND RESPONSES TO THE COURT
1 WEEK PRIOR TO YOUR SCHEDULED HEARING_

Review your case information at:  http://courts.dallascounty.org/

Review court documents on-line at: http://www.dallascounty.org/public_access.html

George Allen Sr. Courts Building,600 Commerce Street,Room  740, Dallas, Texas 75202.  (214) 653-7117)
(Located in the New Tower, 7th Floor).

425J  ᵗʰ 000931



191ˢᵀ District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7ᵗʰ floor
Dallas, Texas  75202-4627

Chambers of Judge Gena Slaughter

**JURY PRE-TRIAL ORDER**

DC-16-04618

MARK STUBBS
vs.
OCTAVIANO FERNANDEZ, et al

This case is set on the Court's two week docket for **Jury Trial on 12/11/2017@ 9:30 A.M.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

June 22, 2016

_____

DISTRICT JUDGE

FILED
DALLAS COUNTY
7/22/2016 2:34:26 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

1-CIT COH CERT MAIL

CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| MARK R. STUBBS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| And | § | |
| | § | |
| SEPTEMBER LEE FULLER, | § | |
| | § | |
| *Intervenor,* | § | |
| | § | |
| V. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| OCTAVIANO MOTA FERNANDEZ, | § | |
| BRYAN'S EXPRESS, INC., | § | |
| NEBRASKA WERNER ENTERPRISES, | § | |
| INC. d/b/a WERNER ENTERPRISES, | § | |
| INC., and GREGORY GEORGE HITTNER, | § | |
| | § | |
| *Defendants.* | § | 191st JUDICIAL DISTRICT |

**ORIGINAL PLEA IN INTERVENTION OF SEPTEMBER LEE FULLER**

TO THE HONORABLE JUDGE OF SAID COURT:

Intervenor September Lee Fuller files her Original Plea in Intervention against Defendants Werner Enterprises, Inc. and Gregory George Hittner and in support respectfully shows the Court and jury as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Intervenor intends to conduct discovery under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

**II.**
**PARTIES**

2.      Intervenor, September Lee Fuller, ("Intervenor" or "Fuller") is a natural person residing in Hopkins County, Texas.  The last three digits of Plaintiff's Texas driver's license are

425. The last three digits of Plaintiff's social security number are 421. Intervenor has a justiciable interest in the matters in controversy in this litigation because, as a victim of the negligence of Defendant Werner and its employee driver that caused the chain of events at issue in this case, Intervenor could have been named as a plaintiff in the original action.

3.      Plaintiff Mark R. Stubbs has appeared in this action for all purposes and will be served with this Original Plea in Intervention through his attorney of record, Ladd C. Sanger, Slack & Davis, L.L.P., 2911 Turtle Creek Boulevard, Suite 1400, Dallas, Texas 75219.

4.      Defendant Werner Enterprises, Inc. ("Werner") has appeared in this action for all purposes and will be served with this Original Plea in Intervention through its attorney of record, Michael P. Sharp, Fee, Smith, Sharp & Vitullo, L.L.P., Three Galleria Tower, 13155 Noel Road, Suite 1000, Dallas, Texas 75240.

5.      Defendant, Gregory George Hittner ("Hittner") is an individual, who at all relevant times, resided at 7721 Henry Mansfield, Henry, Tennessee 38321. Pursuant to §17.062(a) of the Texas Civil Practice & Remedies Code, Hittner may be served with process by substituted service via the chairman of the Texas Transportation Commission in the manner prescribed in § 17.063 of the Texas Civil Practice & Remedies Code at his home address: 7721 Henry Mansfield, Henry, Tennessee 38321.

### III.
### JURISDICTION AND VENUE

6.      This Court has jurisdiction over this Original Plea in Intervention because the Plea concerns the same general subject matter as the original claims asserted by Plaintiff Stubbs against Defendant Werner. Subject matter jurisdiction of this cause rests with this Court as the amount in controversy exceeds its minimum jurisdictional requirements. The wreck at issue in this case occurred while Defendant Hittner, an employee of Defendant Werner, was operating a

commercial vehicle in the course and scope of his employment with Werner on the public roadways of Texas, therefore establishing the necessary contacts with the State of Texas and establishing i*n personam* jurisdiction. *See* Tex. Civ. Prac. & Rem. Code §17.062(a). The wreck that makes the basis of Intervenor's claims occurred in the State of Texas. The Court's exercise of personal jurisdiction over Defendant Hittner is consistent with all applicable statutory requirements and constitutional guarantees.

7.      While the amount of damages to be awarded will be a decision made by a jury of Plaintiff's peers, to comply with Texas Rule of Civil Procedure 47, as revised, Plaintiff states that she is seeking damages pursuant to Rule 47(c)(4).

8.      Venue of Intervenor's claims is proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(3) because Defendant Werner's principal office in the State of Texas is in Dallas County, Texas.

## IV.
## FACTS

9.      In the early morning of February 28, 2015, Intervenor Fuller was traveling east bound in the left lane of Interstate 30 in Hopkins County, Texas. Defendant Hittner had previously been traveling east bound on Interstate 30, in a 2015 Freightliner Tractor (the "Tractor") pulling a 2006 Wabash National Corporation trailer (the "Trailer"). At the time of the incident in question, Defendant Hittner was operating the Tractor-Trailer rig under Defendant Werner's care, custody, and control. Defendant Hittner failed to control his speed on an icy roadway and slid off the road. Defendant Hittner's Tractor-Trailer rig came to a stop partially off Interstate 30, with the trailer blocking the left lane, and part of the right lane of eastbound traffic on Interstate 30. Due to darkness outside, the fact that the Trailer did not have operable running lights, and Defendant Hittner's failure to take steps to warn following traffic of the

Trailer's position across the roadway, shortly after Plaintiff Stubbs apparently struck the Hittner/Werner Tractor-Trailer rig, Intervenor Fuller struck the Tractor-Trailer rig driven by Defendant Hittner and owned by Defendant Werner, causing property damage and serious bodily injury to Intervenor Fuller's right knee and back.

10.     Defendant Hittner was, at all times relevant hereto, the employee and/or permissive operator of the Tractor Trailer rig he was operating on the date of the wreck. Specifically, at all material times relevant to this wreck, Defendant Hittner was a permissive user of the Tractor Trailer rig owned by Defendant Werner.  Defendant Hittner's failure to ensure that he could safely operate his Tractor Trailer rig on an icy roadway at an appropriate speed without losing control of the Tractor Trailer rig was the sole cause, or alternatively, a proximate cause, of the wreck that makes the basis of Intervenor's claims in this case.

11.     At all relevant times, Intervenor was acting in a lawful and safe manner as the driver in her vehicle and was properly restrained in the front, driver's seat of that vehicle.

12.     As a result of the force and impact of the collision with Tractor Trailer rig operated by Defendant Hittner, Intervenor sustained severe and debilitating injuries to her right knee and back for which she has received, and is currently receiving, medical treatment.

## V.
## CAUSES OF ACTION

### Negligence Against Defendants Hittner and Werner

13.     Intervenor hereby incorporates paragraphs 9 through 12 as if fully set forth herein.

14.     Defendant Hittner had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

**ORIGINAL PLEA IN INTERVENTION OF SEPTEMBER LEE FULLER - PAGE 4**

15.     At the time and place in question, Defendant Hittner, as well as Defendant Werner by and through Hittner, its employee, was guilty of negligence in the following particulars:

    a.    failing to maintain a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

    b.    failing to control speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    c.    driving in a negligent and unsafe manner;

    d.    obstructing a highway;

    e.    failing to adequately warn other drivers of the trailer's position interfering with two lanes of traffic; and,

    f.    failing to operate the Tractor-Trailer rig as a reasonably prudent person would have done under the same or similar circumstances.

16.     Intervenor would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the collision in question, and the serious, debilitating injuries, harms and losses sustained by Intervenor.

17.     Defendant Hittner's conduct also constitutes negligence per se because Defendant Hittner violated the following statutes and/or regulations:

    a.    failure to keep his Tractor-Trailer rig under control and within the proper lane of traffic: Tex. Transp. Code § 545.060(a);

    b.    failure to control speed: Tex. Transp. Code §§ 545.351-353;

    c.    failure to park, stand or stop his Tractor-Trailer rig safely.  Tex. Transp. Code §§ 545.302-304;

    d.    failure to provide adequate warnings of the trailer's position over two lanes of traffic; and

e.   failure to exercise extreme caution in conditions of ice, sleet, and snow: 49 CFR 392.3 and 49 CFR 392.14.

The above statutes are designed to protect a class of persons to which Intervenor Fuller belongs against the type of injury and damages suffered by Intervenor Fuller. The above statutes are the type that impose tort liability.  Defendant Hittner's violation of the above statutes was without a legal excuse.  Defendant Hittner's breach of the duty imposed by the above statutes proximately caused injury to Intervenor Fuller, which resulted in the damages described below.

### Negligence Against Defendant Werner

18.   Intervenor hereby incorporates paragraphs 9 through 17 as if fully set forth herein.

19.   Defendant Werner had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

20.   Intervenor would show that Defendant Werner's omissions or acts through its officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the wreck and Intervenor's resulting injuries, harms and losses.  These acts and/omissions include but are not limited to the following:

a.   failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee drivers or inexperienced permissive drivers or hired hands over whom it exercised control;

b.   failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

c.   failing to ensure that its employees, inexperienced permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

d.   failing to adequately manage, direct, and/or supervise its employees, permissive drivers and/or hired hands over whom it exercised control;

e.   failing to exercise reasonable care in the supervision of employees, permissive drivers and/or hired hands over whom it exercised control;

f.   failing to reasonably exercise the supervisory right of its employees, permissive drivers and/or hired hands over whom it exercised control;

g.   failing to stop its employees, permissive drivers and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and failing to instruct employees, permissive drivers and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

h.   failing to ensure a competent, adequately trained and experienced employee, permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle on the date of the wreck;

i.   failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees, permissive drivers and/or hired hands over whom it exercised control, to ensure that such persons could safely operate company vehicles pursuant to the FMCSR;

j.   failing to ensure that its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR; and,

k.   failing to comply with the provisions of the FMCSR, in whole or in part, as it relates to the operation of the company vehicle being operated by Hill on the date of the wreck.

21.   Intervenor would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Intervenor.

## **Respondeat Superior/Agency**

22.   During the time frame for the wreck and the events/circumstances that led to the wreck, as well as all other material times, Defendant Hittner was the employee or agent/representative of Defendant Werner.  At all material times and when the wreck occurred, Defendant Hittner was acting within the course and scope of his employment for Defendant

Werner or within the scope of his agency for Defendant Werner.  Defendant Werner also has statutory responsibility for Defendant Hittner's conduct and omissions related to the accident in issue and the circumstances leading up to, and after, the wreck.

23.     At all material times and when the accident occurred, Defendant Hittner was engaged in the furtherance of Defendant Werner's business.

24.     At all material times and when the accident occurred, Defendant Hittner was engaged in accomplishing a task for which he was employed or retained as an agent/representative of Defendant Werner.

25.     Intervenor Fuller invokes the doctrines of RESPONDEAT SUPERIOR and AGENCY against Defendant Werner, who has vicarious liability for all of Defendant Hittner's conduct related to or arising out of the Tractor-Trailer rig involved in the February 28, 2015 wreck at issue in this case.  Defendant Werner also has liability for Defendant Hittner's conduct under 49 C.F.R. § 390.5.

### Negligent Entrustment

26.     Intervenor alleges that Defendant Werner negligently entrusted the Tractor Trailer rig to Defendant Hittner.  Defendant Werner owned the Tractor Trailer rig, exercised control of who was allowed to operate the Tractor Trailer rig and Defendant Hittner was permissively operating it at the time of the wreck.  Intervenor asserts that Defendant Werner entrusted the Tractor Trailer rig to Hittner on the date of the wreck, that Hittner was an incompetent and dangerous driver at the time of the entrustment, that Werner knew or should have known that Hittner was an incompetent and dangerous driver, that Hittner was negligent in causing the wreck and that Hittner's negligence in causing the wreck was a proximate cause of Intervnor's injuries, harms and losses.

# VI.
## DAMAGES

27.     Intervenor hereby incorporates Paragraphs 6 through 26 as if fully set forth herein.

28.     As a direct and proximate result of the negligence of Defendants Hittner and Werner, Intervenor Fuller's vehicle was totally demolished in the wreck in issue.   Intervenor Fuller sustained property damages in the amount of $10,000.00 related to her vehicle being totaled in the wreck.

29.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Intervenor Fuller suffered bodily injury to her right knee and back, and incurred the following damages:

a.      Reasonable medical care and expenses in the past. These expenses were incurred by Intervenor Fuller for the necessary care and treatment of the injuries resulting from the wreck complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were rendered;

b.      Reasonable and necessary medical care and expenses which will in all reasonable medical probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering in the future;

e.      Mental anguish in the past;

f.      Mental anguish in the future;

g.      Physical impairment in the past; and,

h.      Physical impairment in the future.

**ORIGINAL PLEA IN INTERVENTION OF SEPTEMBER LEE FULLER - PAGE 9**

## VII.
## RULE 193.7 NOTICE

30.     Pursuant to TEX. R. CIV. P. 193.7, Intervenor hereby gives actual notice to Defendants Werner and Hittner that any and all documents produced may be used against the Defendant producing the document at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## VIII.
## PRAYER

**WHEREFORE,** Intervenor Fuller respectfully prays that judgment be entered for Intervenor Fuller against Defendants Werner and Hittner jointly and severally for compensatory damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Intervenor Fuller may be entitled at law or in equity.

Respectfully submitted,

**DERRYBERRY ZIPS WADE LAWHORN, PLLC**
1910 Pacific Avenue, Suite 8055
Dallas, Texas 75201
(214) 468-8141
(214) 468-8144 (Facsimile)


  /s/Guy I. Wade, III
**GUY I. WADE, III**
State Bar No. 20632500
gwade@dzwlaw.com

**CRAIG D. ZIPS**
State Bar No. 00797729
czips@dzwlaw.com
Derryberry, Zips Wade Lawhorn, PLLC
100 East Ferguson Street, Suite 1212
Tyler, Texas 75702
(903) 526-2767
(903) 526-2714 (Facsimile)

**ATTORNEYS FOR INTERVENOR**
**SEPTEMBER LEE FULLER**


<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via email/efiling through the efiling system on the following counsel of record on the 21st day of July, 2016:

Ladd C. Sanger, Esq
lsanger@slackdavis.com
Slack & Davis, L.L.P.
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219

Jeffrey M. Kershaw, Esq.
eservicejkershaw@crka.law
Christopher B. Wood, Esq.
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 Stemmons Freeway, Suite 1157
Dallas, Texas 75207

Michael P. Sharp, Esq.
msharp@feesmith.com
Daniel M. Karp, Esq.
dkarp@feesmith.com
Fee, Smith, Sharp & Vitullo, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

/s/Guy I. Wade, III

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

CITATION

To:   GREGORY GEORGE HITTNER
BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND
PUBLIC TRANSPORTATION COMMISSION
125 E 11TH STREET
AUSTIN, TX 78701-2483

| No.: DC-16-04618 |
|---|

**MARK STUBBS**
**VS.**
**OCTAVIANO FERNANDEZ, ET AL**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and INTERVENTION, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **INTERVENOR** being **SEPTEMBER LEE FULLER**

ISSUED
ON THIS THE 29TH DAY OF JULY, 2016

Filed in said Court 22nd day of July, 2016 against
**OCTAVIANO MOTO FERNANDEZ**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

   For suit, said suit being numbered   DC-16-04618   the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

By **ARIEANA BAHENA**, Deputy

Attorney for : Intervenor
**DERRYBERRY ZIPS WADE LAWHORN,**
**PLLC**
**1910 PACIFIC AVENUE, SUITE 8055**
**DALLAS, TEXAS 75201**
**(214) 468-8141**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 29th day of July, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas
                              By _____, Deputy
                              **ARIEANA BAHENA**

## OFFICER'S RETURN
## FOR INDIVIDUALS

Cause No. DC-16-04618

Court No: 191st District Court

Style: MARK STUBBS
vs.
OCTAVIANO FERNANDEZ, et al

Received this Citation the _____ day of _____, 20_____ at_____ o'clock. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20_____ at_____ o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said _____
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of _____
County of_____
Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                                    _____

                                                        State & County of
                                                        _____

FILED
DALLAS COUNTY
8/1/2016 11:35:35 AM
FELICIA PITRE
DISTRICT CLERK

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANTS GREGORY GEORGE HITTNER and
### WERNER ENTERPRISES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **GREGORY GEORGE HITTNER and NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC.**, Defendants named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

DEFENDANT'S ORIGINAL ANSWER                                                    PAGE **1**

## II.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.  Simultaneously with the filing of this demand, a jury fee is being paid on behalf of this Defendant.

## III.

### AFFIRMATIVE DEFENSES

Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions in operating their vehicles as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

Defendant affirmatively pleads that it is entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

Defendant affirmatively pleads that any other final judgments in any other proceedings regarding the same claims and damages alleged by Plaintiff in this matter have collateral estoppel and res judicata effect on the Plaintiff's claims in this case.

Defendant would show that some or all of the events made the basis of Plaintiff's claims against it were an emergency.  Defendant would also show that some or all of the events made the basis of the Plaintiff's claims against it were an unavoidable accident.

Defendant would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

Defendant would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **GREGORY GEORGE HITTNER and NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENTERPRISES, INC.** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANTS
GREGORY GEORGE HITTNER. AND
NEBRASKA WERNER ENTERPRISES, INC.
d/b/a WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served via ecf and facsimile to all attorneys of record in this cause of action on the 1st day of August, 2016 as follows:

Guy I. Wade, III
Derryberry, Zips, Wade, Lawhorn, PLLC
1910 Pacific Ave., Suite 8055
Dallas, TX 75201
gwade@dzwlaw.com

Craig D. Zips
Derryberry, Zips, Wade, Lawhorn, PLLC
100 E. Ferguson, Suite 1212
Tyler, TX 75702
czips@dzlawgroup.com

Ladd C. Sanger
Slack & Davis, L.L.P.
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219
lsanger@slackdavis.com

Jeffrey M. Kershaw
Christopher B. Wood
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 Stemmons Freeway, Suite 1157
Dallas, Texas, 75207
eservicejkershaw@crka.law

_____

**DANIEL M. KARP**

**OFFICER'S RETURN
FOR INDIVIDUALS**

FILED

16 AUG -9 AM 10: 22

Cause No. DC-16-04618

Court No: 191st District Court

Style: MARK STUBBS
vs.
OCTAVIANO FERNANDEZ, et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the **29** day of **July**, 20**16** at **2:07** o'clock **P**M. Executed at**25 Ell th St   Austin, Tx 78 701-2409**, within the County of _____, State of **TX**, on the **4** day of ~~Austin~~ **August** 20 **16**, at **6:58** o'clock **A** .M. by summoning the within named Corporation **Gregory George Hithwer** delivering to **125 E 11 th St  Austin Tx 78 701-2409 By US Cert mail Signed**
President - Vice President - Registered Agent - in person, of the said
**By Randall Tod** _____
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.
For Serving Citation    $ **76** _____    Sheriff **Randall Tod**
For Mileage    $ _____    County of _____
For Notary    $ _____    State of _____
Total Fees    $ _____    By **Ariona Bahena**

(Must be verified if served outside the State of Texas)
State of_____
County of_____
          Signed and sworn to me by the said_____ before me this _____
day of _____, 20_____, to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

State & County of _____

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

**CITATION**

To:   **GREGORY GEORGE HITTNER**
**BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND**
**PUBLIC TRANSPORTATION COMMISSION**
**125 E 11**$^{TH}$ **STREET**
**AUSTIN, TX 78701-2483**

| No.: DC-16-04618 |
| --- |

**MARK STUBBS**
**VS.**
**OCTAVIANO FERNANDEZ, ET AL**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and INTERVENTION, a default judgment may be taken against you.
 Your answer should be addressed to the clerk of the **191st District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
**ON THIS THE 29TH DAY OF JULY, 2016**

Said **INTERVENOR** being **SEPTEMBER LEE FULLER**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court 22nd day of July, 2016 against
**OCTAVIANO MOTO FERNANDEZ**

By **ARIEANA BAHENA**, Deputy

For suit, said suit being numbered   **DC-16-04618**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

Attorney for : Intervenor
**DERRYBERRY ZIPS WADE LAWHORN,**
**PLLC**
**1910 PACIFIC AVENUE, SUITE 8055**
**DALLAS, TEXAS 75201**
**(214) 468-8141**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 29th day of July, 2016**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _Arieana Bahena_ , Deputy
**ARIEANA BAHENA**

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX  75202-4689



9214 8901 0661 5400 0090 0952 96

**RETURN RECEIPT (ELECTRONIC)**

**DC-16-04618  AB**
GREGORY GEORGE HITTNER
BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND
PUBLIC TRANSPORTATION COMMISSION
125 E 11TH ST
**AUSTIN, TX  78701-2409**

············································· CUT / FOLD HERE ·············································

············ RAM' ENVELOPE ············
············ CUT / FOLD HERE ············

············································· CUT / FOLD HERE ·············································



**UNITED STATES**
**POSTAL SERVICE.**

Date: August 4, 2016

MAIL MAIL:

The following is in response to your August 4, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000090095296. The delivery record shows that this item was delivered on August 4, 2016 at 6:58 am in AUSTIN, TX 78714. The scanned image of the recipient information is provided below.

Signature of Recipient :

Randall Tod

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000090095296
DC-16-04618  AB
GREGORY GEORGE HITTNER
BY SERVING THE CHAIRMAN OF THE STATE HIGHWAY AND
PUBLIC TRANSPORTATION COMMISSION
125 E 11TH ST
AUSTIN, TX  78701-2409

FILED
DALLAS COUNTY
8/17/2016 1:29:42 PM
FELICIA PITRE
DISTRICT CLERK

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANTS GREGORY GEORGE HITTNER AND WERNER ENTERPRISES, INC.'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD-PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GREGORY GEORGE HITTNER and WERNER ENTERPRISES, INC.,** Defendants in the above entitled and numbered cause, and pursuant to Chapter §33.004 of the Texas Civil Practice and Remedies Code, files this, its Motion for Leave to Designate Responsible Third Party, and for same would respectfully show unto the Court as follows:

### I.

### FACTS

On or about July 28, 2014, Defendant Gregory George Hittner was driving a 2014 Freightliner Tractor for Werner Enterprises, Inc.  As he was traveling on the highway, his tractor parking brakes engaged while at highway speeds, causing his vehicle to jackknife and slide off

the roadway outside his control.  As a result of this unexpected and unforeseen brake failure, Plaintiff has brought claims as against both Defendants for damages. The parking brake failure was caused, in whole or in part, by the defective design and/or manufacturing of the 2014 Freightliner Tractor.  The responsible third-party for the design and/or manufacturing of the Tractor is Daimler Trucks North America, 4747 Channel Ave., Portland, OR 97217 (Phone (503) 745-8000).

## II.

### DESIGNATION

Pursuant to Texas Civil Practice & Remedies Code §33.004, Defendants hereby designate Daimler Trucks North America as a Responsible Third Party for purposes of assessing liability and apportionment of negligence.  There is no prejudice to Plaintiff, as the case has only just begun, there have been no depositions, and the statute of limitations has not expired at this time.

Based upon said allegations, Defendants **GREGORY GEORGE HITTNER and WERNER ENTERPRISES, INC.** hereby move this Court to **GRANT** its Motion for Leave and to **ORDER** that  Daimler Trucks North America be designated a responsible third party pursuant to Chapter §33.004 of the Texas Civil Practice and Remedies Code. Defendants **GREGORY GEORGE HITTNER and WERNER ENTERPRISES, INC.** hereby further seek any further relief, both general and special, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANTS
GREGORY GEORGE HITTNER. AND
NEBRASKA WERNER ENTERPRISES, INC.
d/b/a WERNER ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served via ecf and facsimile to all attorneys of record in this cause of action on the 17TH day of August, 2016 as follows:

Guy I. Wade, III
Derryberry, Zips, Wade, Lawhorn, PLLC
1910 Pacific Ave., Suite 8055
Dallas, TX  75201
gwade@dzwlaw.com

Craig D. Zips
Derryberry, Zips, Wade, Lawhorn, PLLC
100 E. Ferguson, Suite 1212
Tyler, TX  75702
czips@dzlawgroup.com

Ladd C. Sanger
Slack & Davis, L.L.P.
2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219
lsanger@slackdavis.com

Jeffrey M. Kershaw
Christopher B. Wood
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 Stemmons Freeway, Suite 1157
Dallas, Texas, 75207
eservicejkershaw@crka.law

_____

**DANIEL M. KARP**

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## <u>ORDER GRANTING DEFENDANTS GREGORY GEORGE HITTNER AND WERNER ENTERPRISES, INC.'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD-PARTY</u>

ON THIS DAY the Court considered the Motion for Leave to Designate Responsible Third Party. The Court is of the opinion that the Motion for Leave to Designate Responsible Third Party should be **GRANTED.**

It is, therefore, **ORDERED** that Daimler Trucks North America be designated a responsible third-party pursuant to Chapter §33.004 of the Texas Civil Practice and Remedies Code.

SIGNED this _____ day of _____, 2016.

_____

**JUDGE PRESIDING**

FILED
DALLAS COUNTY
9/29/2016 9:27:08 AM
FELICIA PITRE
DISTRICT CLERK

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF MARK R. STUBBS MOTION FOR NON-SUIT WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mark Stubbs, Plaintiff in the above entitled and numbered cause, and files this, its Motion for Nonsuit with Prejudice as to all Defendants, and would respectfully show the Court as follows:

Plaintiff and Defendants have resolved the issues among them and Plaintiff no longer wishes to pursue his claims as against Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the above styled and number caused be dismissed with prejudice as to all Defendants.

Respectfully submitted,

**SLACK & DAVIS, L.L.P.**


/s/ Ladd C. Sanger
**LADD C. SANGER**
State Bar No. 00797378
2911 Turtle Creek Boulevard, Suite 1400
Dallas, TX 75219
(214) 528-8686
(214) 528-6989 (Fax)
lsanger@slackdavis.com

**ATTORNEY FOR PLAINTIFF**
**MARK R. STUBBS**


## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served via ecf and facsimile to all attorneys of record in this cause of action on the 29th day of September, 2016 as follows:

Guy I. Wade, III
Derryberry, Zips, Wade, Lawhorn, PLLC
1910 Pacific Ave., Suite 8055
Dallas, TX 75201
gwade@dzwlaw.com

Craig D. Zips
Derryberry, Zips, Wade, Lawhorn, PLLC
100 E. Ferguson, Suite 1212
Tyler, TX 75702
czips@dzlawgroup.com

Daniel Karp
Fee, Smith, Sharp & Vitullo LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
dkarp@feesmith.com

Jeffrey M. Kershaw
Christopher B. Wood
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 Stemmons Freeway, Suite 1157
Dallas, Texas, 75207
eservicejkershaw@crka.law


/s/ Ladd C. Sanger
**LADD C. SANGER**

426J 000650

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## ORDER GRANTING PLAINTIFF MARK R. STUBBS MOTION FOR NON-SUIT

ON THIS DAY the Court considered Plaintiff MARK STUBBS Motion for Nonsuit as to all Defendants. The Court is of the opinion that the Motion for Nonsuit with Prejudice should be **GRANTED.**

It is, therefore, **ORDERED** that Plaintiff MARK STUBB'S claims, in their entirety, are hereby dismissed as to all Defendants with prejudice. Costs shall be paid by the party incurring same.

SIGNED this ___ day of ___ , 2016.

_____
**JUDGE PRESIDING**

**AGREED:**

**SLACK & DAVIS, L.L.P.**


/s/ Ladd C. Sanger
**LADD C. SANGER**
**State Bar No. 00797378**
2911 Turtle Creek Boulevard, Suite 1400
Dallas, TX 75219
(214) 528-8686
(214) 528-6989 (Fax)
lsanger@slackdavis.com
*Attorney for Plaintiff*
*Mark R. Stubbs*


**FEE, SMITH, SHARP & VITULLO, L.L.P**


/s/ Daniel M. Karp
**DANIEL M. KARP**
**State Bar No. 24012937**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]
dkarp@feesmith.com
*Attorney for Defendants*
*Gregory George Hittner and*
*Nebraska Werner Enterprises, Inc. d/b/a*
*Werner Enterprises*

CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.

JEFFREY M. KERSHAW
State Bar No. 11355020
M. TURNER FIELD
State Bar No. 24036560
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 [Fax]
jkershaw@crka.law
tfield@crka.law
*Attorney for Defendants*
*Octaviano Mota Fernandez and*
*Bryan's Express, Inc.*

WER.6526

## CAUSE NO. DC-16-04618

| | | |
|---|---|---|
| **MARK R. STUBBS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **And** | § | |
| | § | |
| **SEPTEMBER LEE FULLER** | § | |
| | § | |
| *Intervenor* | § | **191 JUDICIAL DISTRICT** |
| | § | |
| **V.** | § | |
| | § | |
| **OCTAVIANO MOTA FERNANDEZ,** | § | |
| **BRYAN'S EXPRESS, INC., NEBRASKA** | § | |
| **WERNER ENTERPRISES, INC. d/b/a** | § | |
| **WERNER ENTERPRISES and** | § | |
| **GREGORY GEORGE HITTNER,** | § | |
| | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## ORDER GRANTING DEFENDANTS GREGORY GEORGE HITTNER AND WERNER ENTERPRISES, INC.'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD-PARTY

ON THIS DAY the Court considered the Motion for Leave to Designate Responsible Third Party. The Court is of the opinion that the Motion for Leave to Designate Responsible Third Party should be **GRANTED**.

It is, therefore, **ORDERED** that Daimler Trucks North America be designated a responsible third-party pursuant to Chapter §33.004 of the Texas Civil Practice and Remedies Code.

SIGNED this _____ day of _____, 2016

_____

**JUDGE PRESIDING**