IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEPTEMBER LEE FULLER § | |
| § | |
| v.  § | Civil Action No. 3:16-CV-2958-L |
| § | |
| WERNER ENTERPRISE, INC., § | |
| GREGORY GEORGE HITTNER, § | |
| MARK R. STUBBS AND § | |
| CONTINENTAL EXPRESS, INC. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff September Lee Fuller files her First Amended Complaint against Defendants Gregory George Hittner, Werner Enterprises, Inc., Mark R. Stubbs and Continental Express, Inc., and would show:

**Jurisdiction and Procedural History**

1. This Court has jurisdiction over this suit pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs.

2. This case is before this Court due to the following circumstances: a) on April 21, 2016, Mark Stubbs filed Cause No. DC-16-04618 in the 191st District Court of Dallas County, Texas naming Octavio Mota Fernandez, a resident of Dallas County, Texas, and Bryan's Express, Inc., a Texas corporation, as Defendants (the "State Court Action"); b) on May 3, 2016, Mark Stubbs added Werner Enterprises, Inc. ("Werner") as a Defendant in the State Court Action; c) on July 22, 2016, Plaintiff Fuller intervened in the State Court Action asserting claims against Werner and adding Werner's employee, Gregory George Hittner ("Hittner"), as a defendant; d) thereafter, Mark Stubbs settled his claims against all parties he had sued in the State Court Action and his claims against those parties were dismissed on September 29, 2016,

leaving Plaintiff, Werner and Hittner as the only parties in the State Court Action; and, e) on October 21, 2016, Defendants Werner and Hittner removed the State Court Action to this Court pursuant to 28 U.S.C. §1446(b).  The wreck at issue in this case occurred while Defendant Hittner, an employee of Defendant Werner, and Defendant Stubbs, an employee of Defendant Continental Express, were operating commercial vehicles on the public roadways of Texas, therefore establishing the necessary contacts with the State of Texas and establishing personal jurisdiction for this Honorable Court.

## Parties

3. Plaintiff September Lee Fuller ("Fuller") is a natural person residing in Texas.

4. Defendants Gregory George Hittner ("Hittner") and Werner Enterprises, Inc. ("Werner") have already made appearances in this case, and as such, no citations are required for them at this time.

5. Defendant Mark Stubbs ("Stubbs") is a nonresident of the State of Texas.  Stubbs may be served by serving a certified copy of this action on the Chairman of the Texas Transportation Commission, as the agent for service of process for said Defendant.  *See* FED. R. CIV. P. 4(c)(e); TEX. CIV. PRAC. REM. CODE §§ 17.061 *et. seq.*  The residence of Mark Stubbs is 2044 Calvert Avenue, Dayton, Ohio 45420.

6. Defendant Continental Express, Inc. ("Continental Express") is a foreign corporation with its principal offices located in the State of Ohio, and is licensed and registered as an interstate motor carrier.  Defendant Continental Express engaged in business in the State of Texas by allowing its employee, agent or servant to operate a motor vehicle on the roads and highways of the State of Texas and in so doing he was involved in the wreck described in detail below in Hopkins County, Texas on February 28, 2015.  *See* TEX. CIV. PRAC. & REM. CODE

§§ 17.041 & 17.042(2).  Defendant Continental Express filed a form BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming American Moving and Storage Association its process agent and American Moving and Storage Association in turn designated Mr. John C. Sims, with the Law Office of John C. Sims, as the process agent for Continental Express in the State of Texas.  Therefore, service of process on Defendant Continental Express may be made by serving its process agent:  John C. Sims, Law Office of John C. Sims, 1205 Broadway, Lubbock, Texas 79401.

### Facts

7.      In the early morning of February 28, 2015, Plaintiff Fuller was traveling east bound in the left lane of Interstate 30 in Hopkins County, Texas.  Defendant Hittner had previously been traveling east bound in the right hand lane of Interstate 30, in a 2015 Freightliner Tractor (the "Hittner Tractor") pulling a 2006 Wabash National Corporation trailer (the "Hittner Trailer").  At the time of the incident in question, Defendant Hittner was operating the tractor-trailer rig under Defendant Werner's care, custody, and control.  Defendant Hittner failed to control his speed on an icy roadway and as a result his tractor-trailer rig slid off the road and "jackknifed".  Defendant Hittner's tractor-trailer rig came to a stop partially off Interstate 30, with the Hittner Trailer blocking the left lane, and part of the right lane of eastbound traffic on Interstate 30.

8.      Moments after Hittner jackknifed his tractor-trailer rig, Stubbs, operating another tractor-trailer rig under the care, custody and control of Defendant Continental Express, came upon the scene.  Stubbs was operating his tractor-trailer rig far in excess of a safe and prudent speed for the weather and traffic conditions, failed to keep a proper lookout and failed to take proper evasive action.  As a result of Stubbs' failure to operate his vehicle within the proper

operating parameters, Stubbs' vehicle struck Hittner's tractor-trailer rig, thereby ripping off the rear doors of the Hittner Trailer and rendering all of the trailer lights on the Hittner Trailer inoperable.

9. Plaintiff Fuller came upon the scene after Hittner jackknifed his tractor-trailer rig and Stubbs ran into the Hittner Trailer. Due to darkness outside, the fact that the Hittner Trailer did not have operable running lights, and Defendant Hittner's failure to take steps to warn following traffic of the Hittner Trailer's position across the roadway, Plaintiff Fuller struck the tractor-trailer rig driven by Defendant Hittner and owned by Defendant Werner, causing property damage and serious bodily injury to Plaintiff Fuller's right knee and back.

10. At all relevant times, Plaintiff was acting in a lawful and safe manner as the driver in her vehicle and was properly restrained in the front, driver's seat of that vehicle.

11. As a result of the force and impact of the collision with tractor-trailer rig operated by Defendant Hittner, Plaintiff sustained severe and debilitating injuries to her right knee and back for which she has received, and is currently receiving, medical treatment.

### Plaintiff's Claim of Respondeat Superior/Agency Against Werner

12. At all material times relevant to the wreck, Defendant Werner owned the tractor-trailer rig driven by Hittner and allowed Hittner, its employee, to use the tractor-trailer rig in furtherance of the business of Werner. At the time he jackknifed his tractor-trailer rig on Interstate 30 on February 28, 2015, Hittner was in the course and scope of his employment for Werner. Defendant Werner also has statutory responsibility for Defendant Hittner's conduct and omissions related to the wreck in issue and the circumstances leading up to, and after, the wreck.

13. At all material times and when the wreck occurred, Defendant Hittner was engaged in the furtherance of Defendant Werner's business.

14. At all material times and when the wreck occurred, Defendant Hittner was engaged in accomplishing a task for which he was employed or retained as an agent/representative of Defendant Werner.

15. Plaintiff Fuller invokes the doctrine of RESPONDEAT SUPERIOR and AGENCY against Defendant Werner, who has vicarious liability for all of Defendant Hittner's conduct related to or arising out of the Hittner operated tractor-trailer rig involved in the February 28, 2015 wreck at issue in this case. Defendant Werner also has liability for Defendant Hittner's conduct under 49 C.F.R. § 390.5.

### Plaintiff's Claim of Respondeat Superior/Agency Against Continental Express

16. At all material times relevant to the wreck, Defendant Continental Express owned the tractor-trailer rig driven by Stubbs and allowed Stubbs, its employee, to use the tractor-trailer rig in furtherance of the business of Continental Express. At the time he ran into the Hittner Trailer on Interstate 30 on February 28, 2015 and knocked out the trailer lights on the Hittner Trailer, Stubbs was in the course and scope of his employment for Continental Express. Defendant Continental Express also has statutory responsibility for Defendant Stubbs' conduct and omissions related to the wreck in issue and the circumstances leading up to, and after, the wreck.

17. At all material times and when he knocked out the trailer lights on the Hittner Trailer, Defendant Stubbs was engaged in the furtherance of Defendant Continental Express' business.

18. At all material times and when he knocked out the trailer lights on the Hittner Trailer, Defendant Stubbs was engaged in accomplishing a task for which he was employed or retained as an agent/representative of Defendant Continental Express.

19. Plaintiff Fuller invokes the doctrine of RESPONDEAT SUPERIOR and AGENCY against Defendant Continental Express, who has vicarious liability for all of Defendant Stubbs' conduct related to or arising out of the Stubbs operated tractor-trailer rig involved in the February 28, 2015 wreck at issue in this case. Defendant Continental Express also has liability for Defendant Stubbs' conduct under 49 C.F.R. § 390.5.

## Negligence Against Defendants Hittner and Werner

20. Plaintiff hereby incorporates paragraphs 7 through 19 as if fully set forth herein.

21. Defendant Hittner had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

22. At the time and place in question, Defendant Hittner, as well as Defendant Werner by and through Hittner, its employee, was guilty of negligence in the following particulars:

   a. failing to maintain a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

   b. failing to control speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

   c. failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances;

   d. driving in a negligent and unsafe manner;

   e. obstructing a highway;

   f. failing to adequately warn other drivers of the trailer's position interfering with two lanes of traffic;

   g. failing to take appropriate action to avoid jackknifing his tractor trailer rig across two lanes of traffic as a reasonably prudent person would have done under the same or similar circumstances; and,

   h. failing to operate the tractor-trailer rig as a reasonably prudent person would have done under the same or similar circumstances.

23. Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the collision in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

24. Defendant Hittner's conduct also constitutes negligence per se because Defendant Hittner violated the following statutes and/or regulations:

   a. failure to keep his tractor-trailer rig under control and within the proper lane of traffic: Tex. Transp. Code § 545.060(a);

   b. failure to control speed: Tex. Transp. Code §§ 545.351-353;

   c. failure to park, stand or stop his tractor-trailer rig safely.  Tex. Transp. Code §§ 545.302-304;

   d. failure to provide adequate warnings of the trailer's position over two lanes of traffic; and

   e. failure to exercise extreme caution in conditions of ice, sleet, and snow: 49 CFR 392.3 and 49 CFR 392.14.

The above statutes are designed to protect a class of persons to which Plaintiff Fuller belongs against the type of injury and damages suffered by Plaintiff Fuller. The above statutes are of the types that impose tort liability.  Defendant Hittner's violation of the above statutes was without a legal excuse.  Defendant Hittner's breach of the duty imposed by the above statutes proximately caused injury to Plaintiff Fuller, which resulted in the damages described below.

## Negligence Against Defendant Werner

25. Plaintiff hereby incorporates paragraphs 7 through 24 as if fully set forth herein.

26. Defendant Werner had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

27. Plaintiff would show that Werner's omissions or acts through its officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the wreck and Plaintiff's resulting injuries, harms and losses. These acts and/or omissions include but are not limited to the following:

   a. failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee drivers or hired hands over whom it exercised control;

   b. failing to adequately and/or properly train and supervise its employee drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

   c. failing to ensure that its employees and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

   d. failing to adequately manage, direct, and/or supervise its employees and/or hired hands over whom it exercised control;

   e. failing to exercise reasonable care in the supervision of employees and/or hired hands over whom it exercised control;

   f. failing to reasonably exercise the supervisory right of its employees and/or hired hands over whom it exercised control;

   g. failing to stop its employees and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and failing to instruct employees and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

   h. failing to ensure a competent, adequately trained and experienced employee and/or hired hand over whom it exercised control, was operating the subject company vehicle on the date of the wreck;

   i. failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees and/or hired hands over

       whom it exercised control, to ensure that such persons could safely operate company vehicles pursuant to the FMCSR;

    j.    failing to ensure that its agents, servants, employees and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR; and,

    k.    failing to comply with the provisions of the FMCSR, in whole or in part, as it relates to the operation of the company vehicle being operated by Hittner on the date of the wreck.

28.    Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff.

## Negligence Against Defendants Stubbs and Continental Express

29.    Plaintiff hereby incorporates paragraphs 7 through 28 as if fully set forth herein.

30.    Defendant Stubbs had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

31.    At the time and place in question, Defendant Stubbs, as well as Defendant Continental Express, by and through Hittner, its employee, was guilty of negligence in the following particulars:

    a.    failing to maintain a proper lookout as a person using ordinary care would have done under the same or similar circumstances;

    b.    failing to control speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    c.    failing to take evasive action as a person using ordinary care would have done;

    d.    failing to heed traffic laws as a person using ordinary care would have done under the circumstances;

    e.    failing to ensure that he could stop safely prior to violently colliding with the Hittner Trailer and knocking out its lights;

    f.    failing to timely apply his brakes;

    g.    failing to follow at a safe distance so that he would be able to stop safely;

    h.    driving in a negligent and unsafe manner;

    i.    failing to operate the tractor-trailer rig as a reasonably prudent person would have done under the same or similar circumstances;

    j.    failing to take appropriate action to avoid the wreck such as a reasonably prudent person would have done under the same or similar circumstances; and,

    k.    failing to maintain an assured clear distance between his tractor-trailer rig and the Hittner Trailer so that, considering the speed of the vehicles, traffic and the conditions of the highway, Stubbs could safely stop his tractor-trailer rig without colliding with the Hittner Trailer or veering into a vehicle, object or person on or near the highway.

32. Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the collision in question, and the serious, debilitating injuries, harms and losses sustained by Plaintiff.

33. Defendant Stubbs' conduct also constitutes negligence per se because Defendant Stubbs violated the following statutes and/or regulations:

    a.    failure to keep his tractor-trailer rig under control and within the proper lane of traffic: Tex. Transp. Code § 545.060(a);

    b.    failure to control speed: Tex. Transp. Code §§ 545.351-353;

    c.    failure to park, stand or stop his tractor-trailer rig safely. Tex. Transp. Code §§ 545.302-304; and,

    d.    failure to exercise extreme caution in conditions of ice, sleet, and snow: 49 CFR 392.3 and 49 CFR 392.14.

The above statutes are designed to protect a class of persons to which Plaintiff Fuller belongs against the type of injury and damages suffered by Plaintiff Fuller. The above statutes are of the types that impose tort liability.  Defendant Stubbs' violation of the above statutes was without a legal excuse.  Defendant Stubbs' breach of the duty imposed by the above statutes proximately caused injury to Plaintiff Fuller, which resulted in the damages described below.

### Negligence Against Defendant Continental Express

34. Plaintiff hereby incorporates paragraphs 7 through 33 as if fully set forth herein.

35. Defendant Continental Express had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein.

36. Plaintiff would show that Continental Express' omissions or acts through its officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the wreck and Plaintiff's resulting injuries, harms and losses.  These acts and/omissions include but are not limited to the following:

   a. failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee drivers or hired hands over whom it exercised control;

   b. failing to adequately and/or properly train and supervise its employee drivers and/or hired hands over whom it exercised control in compliance with the FMCSR;

   c. failing to ensure that its employees and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

   d. failing to adequately manage, direct, and/or supervise its employees and/or hired hands over whom it exercised control;

   e. failing to exercise reasonable care in the supervision of employees and/or hired hands over whom it exercised control;

   f. failing to reasonably exercise the supervisory right of its employees and/or hired

        hands over whom it exercised control;

g.    failing to stop its employees and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and failing to instruct employees and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

h.    failing to ensure a competent, adequately trained and experienced employee and/or hired hand over whom it exercised control, was operating the subject company vehicle on the date of the wreck;

i.    failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees and/or hired hands over whom it exercised control, to ensure that such persons could safely operate company vehicles pursuant to the FMCSR;

j.    failing to ensure that its agents, servants, employees and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck pursuant to the FMCSR; and,

k.    failing to comply with the provisions of the FMCSR, in whole or in part, as it relates to the operation of the company vehicle being operated by Stubbs on the date of the wreck.

37.    Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff.

## Damages for Plaintiff Fuller

38.    As a direct and proximate result of the Defendants' negligence Plaintiff Fuller's vehicle was totally demolished in the wreck in issue. Plaintiff Fuller sustained property damages in the amount of $10,000.00 related to her vehicle being totaled in the accident.

39.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Fuller suffered bodily injury to her right knee and back, and incurred the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Fuller for the necessary care and treatment of the injuries resulting from the wreck complained of herein and such charges are reasonable and were usual and customary charges for such services in the county in which they were rendered;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable medical probability be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering in the future;

    e.    Mental anguish in the past;

    f.    Mental anguish in the future;

    g.    Physical impairment in the past;

    h.    Physical impairment in the future;

    i.    Lost Wages in the past; and,

    j.    Loss of household services in the past and future.

## Jury

40.    Plaintiff Fuller requests a trial by jury.

## Prayer

**WHEREFORE,** Plaintiff Fuller respectfully prays that judgment be entered for Plaintiff Fuller against Defendants jointly and severally for compensatory damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff Fuller may be entitled at law or in equity.

Respectfully submitted,

/s/ Guy I. Wade, III
Guy I. Wade, III
State Bar No. 20632500
gwade@dzwlaw.com
Craig D. Zips
State Bar No. 00797729
czips@dzwlaw.com
**DERRYBERRY ZIPS WADE LAWHORN, PLLC**
1910 Pacific Avenue, Suite 8055
Dallas, Texas  75201
(214) 468-8141
Facsimile:  (214) 468-8144

**COUNSEL FOR PLAINTIFF
SEPTEMBER LEE FULLER**

### CERTIFICATE OF SERVICE

I hereby certify on the ___ day of _____, 2017, the undersigned electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, Dallas Division, using the electronic case filing system (CM/ECF). The electronic filing system will send a "Notice of Electronic Filing" to the below named attorneys of record, who are registered with the court to receive filings by electronic means for this civil action.

Michael P. Sharp, Esq.
Daniel M. Karp, Esq.
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

            /s/ Guy I. Wade, III.
            Guy I. Wade, III