IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEPTEMBER LEE FULLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:16-CV-2958-BK |
| WERNER ENTERPRISES, INC., | § | |
| GREGORY GEORGE HITTNER, | § | |
| MARK R. STUBBS and | § | |
| CONTINENTAL EXPRESS, INC., | § | |
|     Defendants. | § | |

**MEMORANDUM ORDER AND OPINION**

The parties' have consented to proceed before the magistrate judge. Doc. 5 at 3; Doc. 6. The Court now considers Defendants Mark R. Stubbs' and Continental Express, Inc.'s *Motion to Dismiss Under Rule 12(b)(6)*, Doc. 20. Upon review of the pleadings and applicable law, Defendants' motion is **DENIED**.

**A.    Background**

Plaintiff September Lee Fuller brings this civil action asserting various claims arising from injuries she sustained in a highway accident on February 28, 2015. Doc. 14 at 3. This action was originally filed in state court in April 2016 by Mark R. Stubbs against Octaviano Mota Fernandez and Bryan's Express, Inc. Doc. 1-1 at 11. In May 2016, Stubbs added Werner Enterprises, Inc. ("Werner") as a defendant. *See* Doc. 1-1 at 24. In July 2016, Plaintiff intervened in the state action, asserting claims against Werner and adding Gregory George Hittner as a defendant. Doc. 1-1 at 41. Eventually, Stubbs settled his claims against all parties, leaving Plaintiff, Werner, and Hittner as the remaining parties. Doc. 1-1 at 70. Thereafter, Werner and Hittner removed this case to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Doc. 1.

In January 2017, Plaintiff filed a motion for leave to amend her original complaint to add Stubbs and Continental Express, Inc. ("Continental") as defendants. Doc. 9. The Court granted the motion on March 22, 2017, directing the Clerk of the Court to docket Plaintiff's *First Amended Complaint*, which was filed as an attachment to her motion for leave. Doc. 12; Doc. 14. Shortly thereafter, Stubbs and Continental filed the instant motion, moving to dismiss Plaintiff's claims on the grounds that she filed her *First Amended Complaint* after the applicable two-year limitations period accrued on February 28, 2017. Doc. 20. In response, Plaintiff contends that where, as here, a motion for leave to amend is filed within the limitations period, a complaint filed after accrual is considered timely filed. Doc. 25 at 2-6. Plaintiff is correct.

**B.   Applicable Law and Analysis**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). In a diversity action such as this, Texas law governs the applicable statute of limitations. *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009). Texas has a two-year statute of limitations for personal injury actions. TEX. CIV. PRAC. & REM. CODE § 16.003(a). However, the limitations period is tolled during the pendency of a motion for leave to amend the complaint. *Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) (citing, among others, *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir.1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of

2

those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.").

It is undisputed that Plaintiff's cause of action accrued on the date of the accident, February 28, 2015, and that she had until February 28, 2017 to file claims relating arising from it. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Plaintiff filed her motion for leave to amend her complaint to add Stubbs and Continental as defendants on January 22, 2017 – before the limitations period expired. Doc. 9.

That Plaintiff's motion for leave was granted after the limitations period accrued is of no consequence. *See RTC v. Bright*, No. 92-CV-0995-D, 1994 U.S. Dist. LEXIS 21690, at *4 (N.D. Tex. Aug. 19, 1994) (Fitzwater, J.) (holding that the plaintiff "timely commenced its action against [the defendant] when it filed – prior to the expiration of the tolling period – its motion for leave to amend") (citation omitted); *Stafford v. Clark Constr. Co.*, 901 F.Supp. 232, 233 (E.D. Tex. 1995) (where the plaintiff moved to file an amended complaint before the expiration of the limitations period, "[t]he date of final approval of the motion . . . does not enter the analysis"); *Willoughby v. Cribbs*, No. H-13-1091, 2014 WL 12537082, at *1 (S.D. Tex. Dec. 12, 2014) (equitable tolling of the limitations period warranted where plaintiff moved for leave to file an amended complaint within the limitations period and the motion was granted after the date of accrual).

## C. Conclusion

In light of the foregoing, Defendants' *Motion to Dismiss Under Rule 12(b)(6)*, Doc. 20, is **DENIED**.

**SO ORDERED** on July 20, 2017.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE