IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEPTEMBER LEE FULLER,<br>  Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC., et al.,<br>  Defendants. | §<br>§<br>§<br>§  Civil Action No. 3:16-CV-2958-BK<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

The parties have consented to proceed before a magistrate judge. Doc. 6. Now before the Court is *Defendant Werner Enterprises, Inc.'s Motion for Partial Summary Judgment*, Doc. 55. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

This case arises out of a highway automobile accident that occurred in the early morning hours of February 28, 2015 in Hopkins County, Texas (the "Accident").[1] Doc. 55 at 1. Defendant Gregory George Hittner ("Hittner") was operating a tractor-trailer owned by Defendant Werner Enterprises ("Werner"). Doc. 55 at 1. Due to icy conditions, Hittner's tractor-trailer "jackknifed," blocking multiple lanes of traffic. Doc. 55 at 1-2. Several automobiles subsequently collided with the tractor-trailer, including one driven by Plaintiff. Doc. 55 at 2. As a result of the collision, Plaintiff alleges that she suffered "severe and debilitating" injuries. Doc. 14 at 4.

Based on these allegations, Plaintiff asserted claims against Werner for (1) vicarious liability premised on Hittner's allegedly negligent operation of the tractor-trailer, and (2) direct

---

[1] Unless otherwise noted, statements of fact have been taken from the Defendant's Motion for Partial Summary Judgment. The Plaintiff did not dispute the recitation of the facts in her Response. Doc. 56 at 6.

negligence claims for negligent hiring, supervision, training, retention, and entrustment. Doc. 14 at 4-5, 7-9. Werner has conceded that at the time of the Accident Hittner was operating the tractor-trailer within the course and scope of his employment with Werner. Doc. 15 at 3; Doc. 55 at 2. Plaintiff alleges simple negligence only, and does not allege gross negligence. Doc. 56 at 6.

By the motion *sub judice*, Werner now moves for partial summary judgment as to Plaintiff's "direct claims of negligence, negligent hiring/supervision/training/retaining, and negligent entrustment claims." Doc. 55 at 2. Werner does not seek summary judgment as to any claims arising from the theory of *respondeat superior*. Doc. 55 at 2. Plaintiff filed a response, Doc. 56, however, Werner did not file a reply.

## II. LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, disputes of fact that "are irrelevant or unnecessary will not be counted." *Id.* A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). When ruling on a motion for summary judgment, the court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come

forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (citation and internal quotation marks omitted).

### III. ARGUMENTS

Werner argues that partial summary judgment is proper because claims for direct negligence (e.g. negligence in hiring, negligent entrustment, etc.) and claims for vicarious liability against employers are "mutually exclusive" forms of recovery. Doc. 55 at 5. Therefore, Werner argues that its admission of vicarious liability makes Plaintiff's direct negligence claims inadmissible. Doc. 55 at 5. In response, Plaintiff contends that Werner's motion should be denied because the "*respondeat superior* admission rule" that Werner relies on (1) has not been adopted by the Texas Supreme Court, and (2) conflicts with the apportionment scheme under Chapter 33 of the Texas Civil Practice and Remedies Code, which requires a trier of fact to determine the negligence of each defendant. Doc. 56 at 6; TEX. CIV. PRAC. & REM. CODE. ANN. § 33.003(a). Alternatively, Plaintiff argues that the *respondeat superior* admission rule is preempted by the Federal Motor Carrier Safety Regulations (the "FMCSRs"), which she argues impose "independent and concurrent" duties of care on the employer motor carrier and truck driver. Doc. 56 at 10.

### III. ANALYSIS

**A.     The *respondeat superior* admission rule applies in this case.**

As a general rule, in matters involving ordinary negligence, claims for vicarious liability and claims for direct negligence "are mutually exclusive modes of recovery." *Rosell v. Cent. W.*

3

*Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied) (citing *Arrington's Estate v. Fields*, 578 S.W.2d 173, 178 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.)). Thus, if the plaintiff does not allege gross negligence, and the defendant employer admits vicarious liability, "the competence or incompetence of the [employee] and the care which was exercised in his employment are immaterial issues." *Sanchez v. Transportes Internacionales Tamaulipecos S.A. de C.V.*, No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017) (quoting *Arrington's Estate*, 578 S.W.2d at 178).

Here, Plaintiff alleges only simple negligence and Werner has stipulated that Hittner was acting within the course and scope of his employment at the time of the Accident. Doc. 55 at 3; Doc. 56 at 6. Thus, under the doctrine of *respondeat superior*, Werner assumes liability for any negligence on the part of Hittner that proximately caused the Accident, and, consequently, Plaintiff's direct negligence claims against Werner are irrelevant. *Rosell*, 89 S.W.3d at 654; *Sanchez*, 2017 WL 3671089, at *2.

Plaintiff's arguments in opposition to Werner's motion are unavailing. First, the mere fact that the Texas Supreme Court has not explicitly adopted the *respondeat superior* admission rule does not preclude its application in this case. Doc. 56 at 6. Indeed, a common law rule may be binding even if a state's highest court has not yet officially sanctioned it. Moreover, a federal court is not free to reject a state rule "merely because it has not received the sanction of the highest state court[.]" *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940). Instead, in the absence of law from the state's highest court, a federal court sitting in diversity should look to the state's appellate courts for guidance, unless it is "convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 236-37. Here, as discussed *infra*, precedent from Texas' appellate courts (as well as federal courts applying Texas law) supports

the continued application of the *respondeat superior* admission rule. *See, e.g., Sanchez*, 2017 WL 3671089, at *3 ("Although the Texas Supreme Court has not spoken on the [*respondeat superior* admission rule], the Court finds it appropriate to defer to the Texas appellate court decisions [applying the rule.]").

Plaintiff's assertion that Chapter 33 of the Texas Civil Practice and Remedies Code precludes application of the *respondeat superior* admission rule is likewise unconvincing. Doc. 56 at 6. As Plaintiff notes, Chapter 33 was amended in 1987 and again in 1995 to provide for the apportionment of responsibility by the trier of fact in "any cause of action based on a tort . . . ." *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 704-05 (Tex. 2008). However, since the amendment, federal courts applying Texas law have continued to dismiss direct liability claims when an employer admits vicarious liability.[2] Further weighing against the purported incompatibility between Chapter 33 and the *respondeat superior* admission rule is the fact that "Texas courts addressing the interaction between Chapter 33 and theories of derivative liability" have continued to find that the employer's negligence "should not be submitted for apportionment." *See Williams v. McCollister*, 671 F. Supp. 2d 884, 890 (S.D. Tex. 2009) (collecting cases). Plaintiff points to *Bedford v. Moore* in support of the argument that Chapter 33 requires submission of an employer's direct negligence to the trier of fact. 166 S.W.3d 454, 462-63 (Tex. App.—Ft. Worth 2005, no pet.). That case, however, has been noted as an outlier in this regard. *See e.g.*, *Williams*, 671 F. Supp. 2d at 890; *Conkle v. Chery*, No. 03–08–00379–CV, 2009 WL 483226, at *4 (Tex. App.—Austin, Feb. 25, 2009, no pet.) (mem. op.).

---

[2] *See, e.g.*, *Sanchez*, 2017 WL 3671089, at *2-3; *Sanchez v. Swift Transp. Co. of Az., LLC*, No. PE:15-CV-00015-RAJ, 2016 WL 10587127, at *4 (W.D. Tex. Oct. 4, 2016); *Rutherford v. Joe Rud Trucking, Inc.*, No. SA-13-CA-856-FB (HJB), 2015 WL 12571379, at *5 (W.D. Tex. July 1, 2015), *adopted by* 2015 WL 12552021 (W.D. Tex. July 29, 2015); *Williams*, 671 F. Supp. 2d at 887-89.

5

Although "[t]he broad coverage of the proportionate responsibility statute to tort claims is persuasive[,]" it is "clear that an apportionment scheme is not proper in certain cases." *Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 774 (N.D. Tex. 2008) (Means, J.) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007); *Fid. & Guar. Ins. Underwriters Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. H-04-2833, 2006 WL 870683, at *5 (S.D. Tex. Mar. 31, 2006)). The weight of the precedent in support of the continued application of the *respondeat superior* admission rule, coupled with the lack of any contrary holding from the Texas Supreme Court, convinces the Court that this is one such of those cases. Thus, because Plaintiff has alleged only simple negligence and Werner has conceded its vicarious liability, Plaintiff's direct liability claims against Werner must be dismissed.

**B.     The FMCSRs do not preempt application of the *respondeat superior* admission rule.**

The "ultimate touchstone" of preemption analysis is Congressional intent. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992). Congress' intent to preempt may be either expressly stated in a regulation or statute's language, i.e., express preemption, or implied by its structure and purpose, i.e., implied preemption. *Id.* (citaitons omitted); *see also Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes."). There are two types of implied preemption: field preemption and conflict preemption. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (citation omitted). As relevant here, conflict preemption arises when (1) it is impossible to comply with both federal and state law, or (2) state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* When addressing claims of preemption, the courts begin "with the starting presumption that Congress

does not intend to supplant state law." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995) (citation omitted).

**1. The rule is not expressly preempted.**

Plaintiff first argues that application of the *respondeat superior* admission rule "actually conflicts" with the FMCSRs. Doc. 56 at 12. Specifically, Plaintiff notes two provisions of the FMCSRs that state: (1) if the FMCSRs impose a higher standard of care than state law, then the regulations must be complied with, 49 C.F.R. § 392.2, and (2) "[n]o State shall have in effect or enforce any State law or regulation pertaining to commercial motor vehicle safety in interstate commerce which the Administrator finds to be incompatible with the provisions of the [FMCSRs]," 49 C.F.R. § 355.25(a). Doc. 56 at 12-13. Thus, Plaintiff argues that because application of the *respondeat superior* admission rule essentially lessens the standard of care under the FMCSR, it is inconsistent with – and therefore preempted by – the FMCSRs. Doc. 56 at 12-13. Though Plaintiff references an "actual conflict," she appears to be arguing that the FMCSRs *expressly* preempt application of the *respondeat superior* admission rule. In any event, her argument fails.

First, the *respondeat superior* admission rule imposes no standard of care, thus section 392.2 does not expressly preempt its application. *See Soo Line R.R. Co. v. Werner Enters.*, 825 F.3d 413, 420 (8th Cir. 2016) (finding section 392.2 of the FMCSRs did not expressly preempt application of a common-law defense simply because the latter "is a defense, not a 'standard of care'"). Second, according to section 355.25(a), a finding of incompatibility must be made by *the Administrator*. 49 C.F.R. § 355.25(a). Here, Plaintiff points to no such incompatibility finding by the Administrator, and she fails to present any legal authority permitting the Court to find express preemption based on section 355.25(a). In light of the foregoing, as well as

7

Congress' express intent to "minimize . . . unnecessary preemption" of state law," 49 U.S.C. § 31136(c)(2)(B), and the presumption against preemption, *N.Y. State Conference*, 514 U.S. at 654, the Court finds that the FMCSRs do not expressly preempt application of the *respondeat superior* admission rule.

### 2. The rule is not impliedly preempted.

Lastly, Plaintiff argues that application of the *respondeat superior* admission rule is in "implied conflict with the FMCSRs as defined by the purposes and objective of Congress." Doc. 56 at 12. Plaintiff argues that by effectively shielding employers from direct liability claims, the *respondeat superior* admission rule effectively relieves the employer of its duty to comply with the FMCSRs and thus irreconcilably conflicts with the regulations' purpose of enhancing commercial motor vehicle safety. Doc. 56 at 13-15.

Upon review, application of the *respondeat superior* admission rule does not stand as an obstacle to the fulfillment of the purposes and objectives underlying the FMCSRs. *Gade*, 505 U.S. at 98. To achieve the Federal Motor Vehicle Safety Act's stated purpose of, *inter alia*, "promot[ing] the safe operation of commercial motor vehicles," the FMCSRs were intended to act as the "minimum safety standards for commercial motor vehicles." 49 U.S.C. §§ 31131(a), 31136(a). Contrary to Plaintiff's assertion, application of the *respondeat superior* admission rule does not relieve a motor carrier of its minimum duties under the FMCSRs and thus does not frustrate the regulations' purpose. Instead, as explained above, the rule merely provides that in certain circumstances, upon an employer's concession of vicarious liability, a plaintiff may not proceed with claims premised on the employer's direct liability. Simply put, the rule does not implicate an employer's duties under the regulations. Additionally, many courts have held that the FMCSRs create no private right of action in personal injury actions like the one before the

8

Court, which Plaintiff concedes. *See* Doc. 56 at 14 ("Admittedly, the FMCSRs themselves do not provide a private right of action against violators of the FMCSRs."); *see also Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) (citing *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1219-21 (D. Kan. 2002)). Though Plaintiff attempts to minimize the significance of this fact, it is difficult to see how Texas' refusal to recognize direct liability claims in this instance conflicts with the FMCSRs, which provide for no such claims themselves.

The only case Plaintiff cites in support of her preemption argument comes from the Western District of Oklahoma and is inapposite, as it dealt with express preemption under the Motor Vehicle Safety Act. *See Johnson v. Gen. Motors Corp.*, 889 F. Supp. 451 (W.D. Okla. 1995). In fact, Plaintiff's reliance on precedent from one of Oklahoma's federal district courts undercuts her preemption argument. For context, Oklahoma has a common-law rule closely analogous to Texas' *respondeat superior* admission rule, which provides that an employer's admission of vicarious liability prevents a plaintiff from bringing direct liability claims against the employer. *See Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997). In several personal injury actions, plaintiffs have argued that the FMCSRs preempt application of the *Jordan v. Cates* rule. Each time, however, Oklahoma's federal district courts have rejected this argument, emphasizing the fact that, as noted, the FMCSRs provide no private right of action that could preempt any state rule of law.[3]

---

[3] *See Hall v. Chang Soo Kang*, No. CIV-16-11-1-HE, 2017 WL 2414916, at *3 (W.D. Okla. June 1, 2017); *Oliver v. Soto*, No. CIV-15-1106-R, 2016 WL 815343, at *2 (W.D. Okla. Feb. 29, 2016); *Mason v. Dunn*, No. CIV-14-282-KEW, 2015 WL 5690746, at *3 (E.D. Okla. Sept. 28, 2015); *Beaber v. Stevens Transp., Inc.*, No. CIV-15-382-R, 2015 WL 8074312, at *2 n.3 (W.D. Okla. Dec. 4, 2015).

9

For these reasons, the Court finds that the FMCSRs do not preempt application of the *respondeat superior* admission rule, and Plaintiff's argument fails as a matter of law.

## IV. CONCLUSION

For the reasons stated herein, *Defendant Werner Enterprises, Inc.'s Motion for Partial Summary Judgment*, Doc. 55, is **GRANTED** and Plaintiff's direct liability claims against Defendant Werner are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on July 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE